FILED
2018 Oct-12 PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRITTANY WARD,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**U.S. XPRESS, INC,** )<br>)<br>**Defendant.** )<br>) | Civil Action Number<br>**5:18-cv-00644-UJH-AKK** |

## MEMORANDUM OPINION AND ORDER

Brittany Ward filed this lawsuit against U.S. Express, Inc., alleging discrimination in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), because U.S. Express purportedly refused to consider her for an "over-the-road truck driver position" after she disclosed a prior medical illness and the company conducted an improper medical inquiry. *See* docs. 1, 9, and 16 at 4-11. Relevant here in Count II, Ward alleges an ADA retaliation claim, and in Count III, she alleges an improper medical inquiry claim. Docs. 9 at 8, 11. Before the court is U.S. Express's partial motion to dismiss these two counts, doc. 12. The motion is fully briefed and ripe for review. Docs. 9, 12, 16. For the reasons stated more fully below, Defendant's motion is due to be denied.

1

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also*

*Twombly.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[1]

Ward was diagnosed and treated for Thyroid cancer around 2012 and 2013, and her history of cancer affects "several major life activities including, sleeping and other endocrine functions." Doc. 9 at 2. In April 2017, U.S. Express recruited Ward for employment as "an over-the-road truck driver," and she attended the training orientation in Tunnel Hill, Georgia during which she filled out a medical history form and disclosed that she previously had Thyroid cancer. *Id.* at 3. A U.S. Express manager, John (LNU) ("Manager"), allegedly pulled Ward aside several times during the training to inquire about her health and ability to work in light of her prior cancer diagnosis. On each occasion, Ward purportedly insisted that "she was in good health, willing and able to work" and that "she was healthy and had been in remission since 2013." *Id.* at 4. After the Manager told Ward that "she could become sick while driving and become a liability," doc. 12 at

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 678-79.

2-3, Ward researched the law and returned to the training to inform the Manager that "it was discriminatory for [U.S. Express] to deny her employment because of her history of cancer." Doc. 9 at 4. Later that same day, the Manager pulled Ward from training to meet with him and the company's human resources representative, during which they informed Ward of her removal from the training purportedly due to her driving record. Docs. 9 at 4; 12 at 3. However, Ward contends that U.S. Express approved her driving record prior to the training, and that her record only contained minor incidents similar to other "similarly experienced drivers." Doc. 9 at 5.

## III. DISCUSSION

In its motion to dismiss, U.S. Express argues that Ward's belief of discrimination was not objectively reasonable and there is no casual connection for purposes of an ADA retaliation claim and that it properly inquired into her medical background. *See* doc. 12 at 6-12. The court disagrees.

### A. ADA Retaliation Claim – Count II

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." *Id*.[2] To state a *prima*

---

[2] The Eleventh Circuit assesses ADA retaliation claims under the framework for Title VII retaliation claims because the ADA "anti-retaliation provision is similar to Title VII's prohibition on retaliation." *Acc Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees*, No. 17-11888, 2018 WL

*facie* case of retaliation under the ADA, a plaintiff must show that (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected conduct and the adverse employment action. *Batson v. Salvation Army*, 897 F.3d 1320, 1329 (11th Cir. 2018) (citing *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 798 (11th Cir. 2000)). "A plaintiff need not prove that the underlying discriminatory conduct his protected activity opposed is actually unlawful in order to establish a prima facie claim," but rather the plaintiff must show a "good faith, reasonable [subjective] belief that his employer was engaged in an unlawful employment practice," so long as that belief is "*objectively* reasonable in light of the facts and record presented." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (emphasis in original).

U.S. Express argues that Ward's ADA retaliation claim fails to sufficiently plead engagement in a protected activity and a causal connection to the adverse employment action. *See* doc. 12 at 6-10. To the contrary, Ward alleges that she engaged in a protected activity after U.S. Express questioned her ability to perform the position given her prior cancer diagnosis. Doc. 9 at 11. As Ward pleads, after being pulled out of training, Ward "performed an online search related to employment discrimination" and "shared the results with the Manager and told him

---

4214308, at *5 (11th Cir. Sept. 5, 2018) (citing *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997)).

5

that it was discriminatory for [U.S. Express] to deny her employment because of her previous history of cancer." *Id.* at 13. Contrary to U.S. Express's contention that Ward has failed to allege an objective, reasonable belief that U.S. Express engaged in unlawful employment practices, doc. 12 at 6-7, Ward has sufficiently met her burden at this stage based on her contention that U.S. Express singled her out and pulled her aside to discuss her prior cancer diagnosis during the training. Moreover, Ward's allegations rise above mere speculation because "existing substantive law" establishes the reasonableness of her belief that U.S. Express engaged in an unlawful employment practice. *See Batson*, 897 F.3d at 1325 (noting that the employee engaged in protected activity when "she told her interviewers that she knew federal law and believed they were not permitted to ask about her medical condition"); *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009) (finding that an employee's informal statement, including "Aren't you being discriminatory?" after a supervisor asked "How can you work if you cannot hear?", was protected activity under the ADA, as required to establish employee's retaliation); *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002) (finding that a police officer's informal complaints and attempts to assert his rights against discrimination were protected activities for purposes of his ADA retaliation claims). Therefore, Ward has adequately pleaded that she had an "objectively

reasonable [belief] in light of the facts and record presented." *Little*, 103 F.3d at 960.

The court turns next to the causal connection prong U.S. Express challenges. U.S. Express argues that Ward has failed to demonstrate that the Manager to whom she presented her research and concerns "was a decision maker or that he advised any decision makers of what Plaintiff allegedly told him." *Id.* To prove a causal connection between the protected activity and the adverse employment action, Ward must demonstrate "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *See Greene v. Alabama Dep't of Revenue*, No. 17-14784, 2018 WL 4211583, at *2 (11th Cir. Sept. 5, 2018) (citing *Clover*, 176 F.3d at 1354). Courts may infer a causal connection "when there is a close temporal proximity between the protected activity and the adverse action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). However, "mere temporal proximity, without more, must be very close." *Greene*, 2018 WL 4211583, at *2.

Ward has sufficiently alleged facts that suggest a "temporal proximity between the protected activity and the adverse action." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1259 (11th Cir. 2012). Specifically, after Ward informed the Manager about her research on discrimination and disability, that same day the Manager pulled Ward aside for a meeting with a human resource

7

representative who informed Ward she was no longer a candidate for the truck driving position. Doc. 9 at 3-4. *See Harrison v. Belk, Inc.,* No. 17-14839, 2018 WL 4211587, at *4 (11th Cir. Sept. 5, 2018) ("Under a 'cat's paw' theory, liability may be established if the plaintiff shows that the decisionmaker merely followed the biased recommendation [of a non-decisionmaker] without independently investigating the complaint against the employee."). While U.S. Express maintains Ward's driving record prevented her from being further considered, and may well prove that to be the case, at this stage the court must accept Ward's pleadings as true. *See Grossman*, 225 F.3d at 1231. In that respect, Ward contends that U.S. Express "approved [her] driving record before it began to train her," and that her record became a purported issue only after she raised about her discrimination concerns. Doc. 9 at 5, 7. Accordingly, the court finds that Ward's allegations plausibly state an ADA retaliation claim given that she has demonstrated an objective belief regarding her engagement in a protected activity, and the adverse employment action purportedly took place on the same day of that activity.

**B. Improper Medical Inquiry Claim – Count III**

The ADA provides that an employer may "not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and

8

consistent with business necessity." *Russell v. City of Mobile Police Dep't,* 552 F. App'x 905, 906 (11th Cir. 2014); *see also* 42 U.S.C. § 12112(d)(4)(A). Notwithstanding the proscriptions in § 12112(d)(4)(A), an employer may "make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B). *See E.E.O.C. v. Am. Tool & Mold, Inc.,* 21 F. Supp. 3d 1268 (M.D. Fla. 2014)

Relevant here, the Manager purportedly pulled Ward aside several times during the training to follow-up on her medical questionnaire and inquire about her health. *See* doc. 9 at 4, doc. 12 at 10-11. During these conversations, Ward alleges that the Manager called her a "liability" even though she insisted she had "no significant chance of relapse" and "was in good health, willing, and able." Doc. 9 at 3-4. In this circuit, "[a] plaintiff has a private right of action under the ADA for a prohibited medical inquiry in the pre-offer phase of the job application process, irrespective of his disability status." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206 (11th Cir. 2010). Consistent with the ADA and case law, although U.S. Express is correct that the company may "make disability inquiries and conduct medical examinations," doc. 12 at 10, courts have found that this right is not unfettered. As one court in this circuit found, for example, the withdrawal of a conditional offer after a job applicant revealed a prior back surgery was not an acceptable pre-employment medical inquiry because there was no

individualized assessment as to applicant's ability to perform essential functions. *See E.E.O.C. v. Am. Tool & Mold, Inc.,* 21 F. Supp. 3d 1268 (M.D. Fla. 2014).

Here, Ward alleges that the Manager removed her from training multiple times and repeatedly ignored her representations that her cancer is in remission and that she posed no threat. Moreover, the Manager and the company purportedly ended her training based solely on their own assessments about her abilities without consulting her medical providers to show the job related and business necessity of the inquiry. Based on her pleadings, the court finds that Ward has sufficiently alleged that U.S. Express made inquiries "likely to elicit information about a disability in violation of the ADA's prohibition against pre-employment medical inquiries." *Harrison,* 593 F.3d at 1216.

## IV. CONCLUSION

In light of the foregoing, defendant's partial motion to dismiss, doc. 12, is **DENIED**.

**DONE** the 12th day of October, 2018.

                                            **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE